850 F.2d 693
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emma TOLBERT, Plaintiff-Appellant, Cross-Appellee,
v.
E.I. DuPONT de NEMOURS COMPANY and John Stevens,
Defendants-Appellees, Cross- Appellants.
 Nos. 87-5149, 87-5651 and 87-5669.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Emma Tolbert, the plaintiff-appellant, appeals the district court's orders dismissing her claims of racial discrimination and sexual harassment filed pursuant to 42 U.S.C. Sec. 2000e-1 et seq. (1982). The named defendants-appellees are Tolbert's former employer and supervisor, E.I. DuPont de Nemours Company ("DuPont") and John Stevens.
 
 
 2
 Tolbert is a forty-two year old black female who first started work with DuPont in 1973. She was employed as a packaging operator for less than six months, thus spending her remaining time working as a janitor. Tolbert was discharged from her job in September 1982.
 
 
 3
 The evidence presented by DuPont in its motion for summary judgment, and unrefuted by Tolbert, demonstrates that Tolbert received several unsatisfactory reviews relating to the quality of her job performance, as well as to her problems with absenteeism and tardiness. Indeed, between May and September 1982, Tolbert was absent from her job, without authorization, eight days, was tardy on fourteen days, and was counseled on two other occasions concerning her deteriorating performance. DuPont alleged, in its motion before the district court, that such work habits fell below DuPont's acceptable level.
 
 
 4
 In her amended complaint, Tolbert also set forth a sexual harassment claim. She alleged that John Stevens, her supervisor, informed her, on one or two occasions, that she needed to be friendlier and "patted" her on the hand. Other evidence relating to this claim is scarce. It is undisputed, however, that Tolbert never filed a grievance concerning this alleged harassment and never notified the DuPont management of this problem.
 
 
 5
 On January 21, 1987, in response to the defendants' motion for summary judgment, the district court dismissed Tolbert's racial discrimination claim, while reserving its ruling on her sexual harassment claim for thirty days so as to allow Tolbert the opportunity to demonstrate that her sexual harassment claim was timely filed with, and had been investigated by, the Equal Employment Opportunity Commission ("EEOC"). After determining that Tolbert had not made such a showing, the court, in an order dated May 6, 1987, dismissed her sexual harassment claim. Immediately thereafter, Tolbert timely filed notices of appeal from the court's decisions and DuPont cross-appealed claiming it was entitled to summary judgment on other grounds.
 
 
 6
 For the reasons stated by Judge Thomas A. Ballantine, Jr., in the two memoranda which accompany his January 21 and May 6, 1987 orders, Tolbert's claims are without merit. No genuine issue of material fact exists because Tolbert has not refuted any of the defendants' evidentiary proof, and thus, the defendants are entitled to judgment as a matter of law. Therefore, the district court's judgment is hereby AFFIRMED.